IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

QUENNEL AUGUSTA,
K81797

        Plaintiff,

vs.                                               Case No. 18-cv-905-SMY

C/O MAHAFFEY, and
C/O BERG,

        Defendants.

## **MEMORANDUM AND ORDER**

**YANDLE, District Judge:**

Plaintiff Quennel Augusta is currently incarcerated at Jacksonville Correctional Center ("Jacksonville"). The original civil rights Complaint was filed by Augusta and a co-plaintiff, Shawn J. Flores, in *Augusta, et al. v. Employees of Vandalia Correctional Center, et al*., Case No. 17-cv-798-SMY. At Augusta's request, the claims of co-plaintiff Flores were severed into a new action and Augusta was granted leave to file an Amended Complaint. However, the Amended Complaint did not survive preliminary review, and on April 10, 2018, Augusta filed a Second Amended Complaint.

After reviewing the Second Amended Complaint, the Court severed a number of Augusta's claims from the original case into separate actions. (Doc. 1). The instant case concerns Count 6, which arose at Vandalia Correctional Center ("Vandalia") and is described as follows:

    **Count 6 –**     Eighth Amendment claim against Mahaffey and Berg for denying Augusta meals on unspecified occasions.

1

Plaintiff's claim is now before the Court for a preliminary review pursuant to 28 U.S.C. § 1915A.[1]

Under § 1915A, the Court is required to screen prisoner Complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks money damages from a defendant who by law is immune from such relief, must be dismissed. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id.* at 557. Conversely, a Complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574,

---

[1] This action was severed on April 11, 2018. (Doc. 1). Shortly thereafter, Plaintiff filed a Motion to Reconsider the severance order. (Doc. 6). The Court denied Plaintiff's Motion to Reconsider on April 25, 2018 and allowed Plaintiff time to clarify whether he wanted to proceed with the instant action. (Doc. 7). On June 15, 2018, Plaintiff filed a pleading stating he wants to proceed with the instant action. (Doc. 8).

581 (7th Cir. 2009). Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. However, the factual allegations of a *pro se* Complaint are to be liberally construed. *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### Preliminary Matter

On June 15, 2018, Augusta filed a Response to Proceed with This Case (Doc. 8) and a Motion to Produce (Doc. 9). In addition to indicating that he wants to proceed with the instant action, he asks the Court to (1) order Defendants to produce certain grievances; (2) consider additional facts not included in the Second Amended Complaint; and (3) provide Plaintiff with the case number assigned to this action.

For the reasons discussed below, Count 6 does not survive preliminary review. As such, the request for discovery is premature and shall be denied without prejudice. Plaintiff also asks to supplement the record with additional facts but as the Court has previously explained, piecemeal amendments are not permitted. Therefore, in reviewing Count 6, the Court will not consider any supplemental material. Plaintiff, however, will be granted leave to file an amended complaint. As to his the final request, Plaintiff will receive the case number for the instant action when the Clerk of the Court supplies him with a copy of this Order.

### Discussion

The portion of the Second Amended Complaint which relates to Count 6 provides, in its entirety, as follows: "Officer Mahaffey and C.O. Berg and many other employees of [Vandalia] had denied me and other inmates from a state meals which this means we are to starve." (Doc. 2, p. 7). The Seventh Circuit has held that the denial of food is not a *per se* violation of the Constitution. *Reed v. McBride*, 178 F.3d 849, 853 (7th Cir. 1999). However, other Circuit

Courts have found that the excessive denial of food can qualify as an Eighth Amendment violation. *Cooper v. Sheriff of Lubbock County*, 929 F.2d 1078, 1083 (5th Cir. 1991) (failure to feed a prisoner for twelve days unconstitutional); *Dearman v. Woodson*, 429 F.2d 1288, 1289 (10th Cir. 1970) (prisoner who was deprived of food for 50+ hours had a viable Eighth Amendment claim).

In the present case, Augusta alleges that Defendants denied him and/or other inmates one or more meals, leaving *them* to starve ("this means we are to starve"). (Doc. 2, p. 7). But Augusta has no standing to assert the rights of other inmates; he may only challenge violations of his own rights. *See Singleton v. Wulff*, 428 U.S. 106 (1976) (generally, one may not claim standing to vindicate constitutional rights of a third party); *Warth v. Seldin*, 422 U.S. 490, 499 (1975) ("A federal court's jurisdiction ... can be invoked only when the plaintiff himself has suffered 'some threatened or actual injury resulting from the putatively illegal action.'") (quoting *Linda R.S. v. Richard D*., 410 U.S. 614, 617 (1973)); *Gometz v. Henman*, 807 F.2d 113, 115 (7th Cir. 1986) ("Ordinarily a litigant may present only his own rights as basis of relief; *jus tertii* litigation depends on some hindrance to first party litigation....").

Additionally, the allegations related to Augusta are insufficient to state a plausible Eighth Amendment violation. Specifically, the Court cannot discern whether Plaintiff is claiming that Defendants denied him a single meal on a single occasion, or if they repeatedly denied him meals. Without more facts and allegations, Augusta has failed to state a claim upon which relief may be granted. Accordingly, Count 6 will be dismissed without prejudice.

## Disposition

**IT IS HEREBY ORDERED** that the Second Amended Complaint, which includes Count 6, is **DISMISSED** without prejudice for failure to state a claim upon which relief may be

granted.

As set forth above, Plaintiff's Motion to Produce (Doc. 9) is denied in part and granted in part (granted only with respect to Plaintiff's request for clarification regarding the case number assigned to this action).

Plaintiff is **GRANTED** leave to file a "Third Amended Complaint" on or before **July 16, 2018**. Should Plaintiff fail to file his Third Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. APP. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). Such dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

Should Plaintiff decide to file a Third Amended Complaint, it is strongly recommended that he use the forms designed for use in this District for such actions. He should label the form, "Third Amended Complaint," and he should use the case number for this action (i.e. 18-cv-905- SMY).

To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments. Thus, the Third Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the Third Amended Complaint.

The Third Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

5

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff elects to file a Third Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. APP. P. 41(b).

**IT IS SO ORDERED.**

**DATED: June 18, 2018**

s/ STACI M. YANDLE
**U.S. District Judge**
