IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

QUENNEL AUGUSTA,
K81797

        Plaintiff,

vs.                                       Case No. 18-cv-905-SMY

C/O MAHAFFEY,
C/O BERG, and
MRS. WAGGONER,

        Defendants.

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Quennel Augusta is an inmate, currently incarcerated at Jacksonville Correctional Center ("Jacksonville"). Augusta and his co-plaintiff, Shawn Flores, originally filed a civil rights Complaint in *Augusta, et al. v. Employees of Vandalia Correctional Center, et al.*, Case No. 17-cv-798-SMY. At Augusta's request, Flores' claims were severed into a new action and Augusta was granted leave to file an Amended Complaint. The Amended Complaint did not survive preliminary review, and Augusta filed a Second Amended Complaint on April 10, 2018.

After reviewing the Second Amended Complaint, the Court severed a number of Augusta's claims from the original case into separate actions. (Doc. 1). The instant case concerns Count 6, which arose at Vandalia Correctional Center ("Vandalia") and is described as follows:

    **Count 6 –**     Eighth Amendment claim against Mahaffey and Berg for denying Augusta meals on unspecified occasions.

1

Count 6 did not survive screening under 28 U.S.C. § 1915A, and Augusta was granted leave to file a Third Amended Complaint. (Doc. 10).

The Third Amended Complaint is now before the Court for a preliminary review pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to screen prisoner Complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks money damages from a defendant who by law is immune from such relief, must be dismissed. 28 U.S.C. § 1915A(b).

## **Third Amended Complaint**

Augusta makes the following allegations in his Third Amended Complaint: Officer Mahaffey denied Augusta dinner, leaving him "to starve from dinner time at 3:30 p.m. until breakfast time at 5:00 a.m." (Doc. 11, p. 5). Mahaffey allegedly denied Augusta dinner because he lined up "a few seconds" too late. *Id.* On a separate occasion, Officer Berg punished Augusta for smiling and giggling by forcing him to throw away his breakfast and to stand outside for 10 minutes during cold weather, with his face touching a dirty correctional van. (Doc. 11, pp. 5-7). Warden Waggoner is subject to liability in connection with these incidents because she allowed or facilitated the complained of conduct. (Doc. 11, pp. 5-9).

## **Discussion**

The Court will modify Count 6 to reflect the allegations in the Third Amended Complaint. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.

**Count 6A**: Eighth Amendment claim against Mahaffey for denying Augusta dinner on a single occasion, and against Waggoner for allowing and/or facilitating Mahaffey's conduct.

> **Count 6B**: Eighth Amendment claim against Berg for punishing Augusta by forcing him to (1) throw away his breakfast and (2) stand outside, during cold weather, for approximately 10 minutes with his face touching a dirty correctional van, and against Waggoner for allowing and/or facilitating Berg's conduct.

The Third Amended Complaint fails to state a viable Eighth Amendment claim against Defendants Mahaffey, Berg, or Waggoner. To sufficiently plead a conditions of confinement claim, a plaintiff must plead facts sufficient to show that: (1) the alleged condition, viewed objectively, is sufficiently serious; and (2) defendants acted with subjective deliberate indifference towards the condition. *Board v. Farnham*, 394 F.3d 469, 479–80 (7th Cir. 2005). "Prison conditions may be harsh and uncomfortable without violating the Eighth Amendment's prohibition against cruel and unusual punishment." *Dixon v. Godinez*, 114 F.3d 640, 642 (7th Cir. 1997). *See also Turner v. Miller*, 301 F.3d 599, 603 (7th Cir. 2002) ("extreme deprivations are required to make out a conditions-of-confinement claim.").

Plaintiff's allegations pertaining to being denied a single meal on two separate occasions do not meet this standard. *See e.g., Curiel v. Stigler*, 2008 WL 904894, at *5 (N.D. Ill. Mar. 31, 2008) ("One or two missed meals are not actionable as Eighth Amendment violations."); *Woods v. Schmeltz*, 2014 WL 4947340, at *1 (C.D. Ill. Oct. 2, 2014) (denial of one lunch tray did not state a claim); *Johnson v. Arbeiter*, 2010 WL 4717642, at *2 (S.D. Ill. Nov. 15, 2010) (inmate deprived of one meal did not state constitutional violation); *Brown v. Madison Police Dept.*, 2003 WL 23095753, *4 (W.D. Wis. May 15, 2003) (missing two meals on one occasion does not rise to constitutional violation). Nor do his allegations regarding him standing in cold weather for 10 minutes, with his face touching a dirty van. *See Rhodes v. Chapman,* 101 S. Ct. 2393, 2400 (1981); *Harris v. Fleming*, 839 F.2d 1232, 1236 (7th Cir. 1988). Accordingly, Counts 6A and 6B are subject to dismissal for failure to state a claim upon which relief may be granted.

### Leave to Amend

The Court has considered whether to allow Augusta to submit another amended complaint in order to state a viable claim, but has determined that doing so would be futile. At this point, Augusta has been given numerous opportunities to state a viable claim; all unsuccessful. *Pro se* plaintiffs are afforded great deference, but this Court is not required to allow them to amend *ad nauseam* where doing so would be futile. *See Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013); *Garcia v. City of Chicago*, 24 F.3d 966, 970 (7th Cir. 1994). Thus, Plaintiff will not be given leave to amend, and this case will be dismissed with prejudice.

### Disposition

**IT IS HEREBY ORDERED** that the Third Amended Complaint and this action are **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted.

Plaintiff is **ADVISED** that this dismissal shall count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty (30) days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* MUST set forth the issues the Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. Finally, if the appeal is

found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: September 4, 2018**

                                           s/ STACI M. YANDLE
                                           **District Judge**
                                           **United States District Court**